IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BEVERLYN MING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:20-CV-67 (MTT) |
| ) | |
| STATE OF GEORGIA and GEORGIA ) | |
| DEPARTMENT OF PUBLIC HEALTH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Defendant the State of Georgia ("State") moves to dismiss Plaintiff Beverlyn Ming's claims for insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. For the following reasons, that motion (Doc. 10) is **GRANTED**, and Ming's claims against the State are **DISMISSED without prejudice.**

**I. BACKGROUND**

Ming's employment with the Georgia Department of Public Health ("GDPH") ended on October 30, 2018.[1]  Doc. 1 at ¶ 3. Ming brought this employment discrimination action on February 19, 2020, naming two parties: GDPH and the State of Georgia. Doc. 1. Because there was no evidence in the record that Ming had timely served either Defendant, the Court entered a show cause order on May 27, 2020 and then, on June 11, 2020, ordered Ming to perfect service. Docs. 5; 7. On June 25, 2020, Ming served Gwen Middleton with the Georgia Department of Administrative Services

---

[1] The Georgia Department of Public Health is a division of the State of Georgia. O.C.G.A. § 31-2A-2.

("DOAS").  Doc. 8.  Ming also served Fanny Vazquez with GDPH on July 22, 2020.  Doc. 11.

On July 15, 2020, the State moved to dismiss for insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.  Doc. 10.  Because it is clear Ming never served the State, Ming's complaint is dismissed without prejudice.

## II.  DISCUSSION

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).  Service on state governmental entities is governed by Federal Rule of Civil Procedure 4(j)(2)(A)-(B), which provides that "[a] state, a municipal corporation, or any other state-created governmental organization … subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such a defendant."  Georgia law provides that claims against the State require a "copy of the summons attached to the copy of the complaint" to be delivered "to the chief executive officer or clerk thereof."  O.C.G.A. § 9-11-4(e)(5).  In Georgia, the Governor is the State's chief executive officer.  Ga. Const. Art. V., § II, ¶ 1.  Ming failed to fulfill either requirement.

Ming does not argue that she has served the State's chief executive.  Rather, she argues that O.C.G.A. § 50-21-35 allows for "service upon the state to be had upon

2

the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address."² Doc. 12 at 3.  There are two flaws with Ming's argument.  First, § 50-21-35 is not applicable; it provides the requirements for serving the State with claims brought pursuant to the Georgia Tort Claims Act.  Second, even if § 50-21-35 applied, Ming failed to comply with the plain text of the statute, which reads as follows:

> In all civil actions brought against the state under this article, to perfect service of process the plaintiff must *both*: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; *and* (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address.

O.C.G.A. § 50-21-35 (emphasis added).  Because the record is devoid of any evidence showing service on the Governor or his assigned agent for service of process, the Court lacks jurisdiction.  Therefore, Ming's claims against the State must be dismissed. *Prewitt v. Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

---

² The State argues in the alternative that it is not a proper party in this action, because Ming has not overcome the rebuttable presumption that the State and GDPH are separate entities for Title VII purposes.  Doc. 11 at 7-9.  Circuit precedent provides that to overcome this presumption, Ming must present "evidence establishing that a governmental entity was structured with the purpose of evading the reach of federal employment discrimination law." *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1345 (11th Cir. 1999).  Without that evidence, "the presumption against aggregating separate public entities will control the inquiry, unless it is *clearly* outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII." *Id.* (emphasis added).  While insufficient service of process is the dispositive issue, it is clear that Ming's argument that she "was a member of the State Merit System" and that "regular reports were sent to the State of Georgia who supervised her job duties and controlled, at least partially, her work environment" is not enough to satisfy the "indicia of control" requirements to treat GDPH and the State as one entity for the purposes of this suit. *Id.*; Doc. 12 at 6.

### III.  CONCLUSION

For the reasons discussed above, the State's motion to dismiss (Doc. 10) is **GRANTED**, and Ming's claims against the State are **DISMISSED without prejudice**.

**SO ORDERED**, this 14th day of September, 2020.

>                         S/ Marc T. Treadwell
>                         MARC T. TREADWELL, CHIEF JUDGE
>                         UNITED STATES DISTRICT COURT