**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BEVERLYN MING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:20-CV-67 (MTT)** |
| | ) | |
| **STATE OF GEORGIA and GEORGIA** | ) | |
| **DEPARTMENT OF PUBLIC HEALTH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Defendant Georgia Department of Public Health ("DPH"), claiming Eleventh

Amendment immunity, moves to dismiss Plaintiff Beverlyn Ming's Age Discrimination in

Employment Act ("ADEA") claim.  For the following reasons, that motion (Doc. 14) is

**GRANTED**, and Ming's ADEA claim is **DISMISSED without prejudice.**

## I.  BACKGROUND

Ming's employment with DPH ended on October 30, 2018.[1]  Doc. 1 ¶¶ 2, 3.  Ming

brought this employment discrimination action on February 19, 2020, naming two

parties: the State of Georgia[2] and DPH.  Doc. 1.  In her complaint, Ming alleges three

federal claims.  *Id.* at 5-9.  First, Ming claims race and national origin-based

discrimination under Title VII of the 1964 Civil Rights Act ("Title VII").  *Id.*  Second, Ming

alleges gender-based discrimination under Title VII.  *Id.*  Finally, Ming claims age-based

---

[1] The Georgia Department of Public Health is a division of the State of Georgia.  O.C.G.A. § 31-2A-2.

[2] On September 14, 2020, the Court dismissed without prejudice Ming's claims against the State for insufficient service of process.  Doc. 10.

discrimination under the ADEA. *Id.* DPH moves to dismiss Ming's ADEA claim on the grounds that it is barred by sovereign immunity. Doc. 14 at 4-5. The Court and Ming agree, and thus, Ming's ADEA claim is dismissed.

## II. STANDARD

To determine whether a law abrogates sovereign immunity, the Supreme Court applies a "simple but stringent test: 'Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute.'" *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989) (quoting *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985)). But even if Congress, through unambiguous language, waives sovereign immunity, that waiver must be "a valid exercise of power." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Without clear statutory language that the Constitution supports, the Eleventh Amendment bars suits against the sovereign. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 67-92 (2000).

## III. DISCUSSION

Sovereign immunity finds its basis in the Eleventh Amendment, which provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Court precedent permits Congress, via legislation, to remove this immunity using a two-part test. 517 U.S. at 55. In *Kimel v. Florida Bd. of Regents*, the Court applied that test to the ADEA and ruled that Congress overstepped its Constitutional authority by allowing

2

suits against the State.  528 U.S. at 67.  That ruling demands the dismissal of Ming's ADEA claim.

In *Kimel*, the Court found that Congress intended "in the ADEA, to abrogate the States' Eleventh Amendment immunity to suits by individuals."  *Id.* at 75-76.  But applying the "congruence and proportionality" test, the Court held that "the ADEA is not 'appropriate legislation' under § 5 of the Fourteenth Amendment."  *Id.* at 82-83.  The Court uses the "congruence and proportionality" test to determine whether a law's "supposed remedial or preventive objectives" justify its scope.  *Id.* at 82 (citing *City of Boerne v. Flores*, 521 U.S. 507, 647 (1997)).  Examining the legislative record, the Court confirmed that Congress' "extension of the [ADEA] to the States was an unwarranted response to a perhaps inconsequential problem."  528 U.S. at 89.  In other words, the ADEA abrogating sovereign immunity overstepped Congress' power to redress and deter discrimination.  *Id.* at 81.

Ming seems to concede that sovereign immunity bars her ADEA claim.  Doc. 16 at 3.  She does not attempt to distinguish *Kimel* from her case.  Instead, Ming argues that even if "DPH's sovereign immunity remains intact," her "remaining claims are valid and not subject to dismissal."  *Id.*  True, but no one is disputing that.  Ming does argue that because DPH, in its motion, only addresses her ADEA claim, Ming is entitled to a default judgment on her remaining claims.  *Id.* at 6-7.  That argument is specious. DPH moved to dismiss Ming's ADEA claim *and* answered her remaining claims on August 11, 2020, twenty days after being served with process.  Docs. 13, 14.  Had Ming's lawyer looked at the docket, he could have avoided the embarrassment of making a specious argument.

3

Therefore, because sovereign immunity precludes Ming's ADEA claim, that claim must be dismissed.  Also, because DPH timely answered, a default judgment is not appropriate.

## IV.  CONCLUSION

For the reasons discussed above, DPH's motion (Doc. 14) is **GRANTED**, and Ming's ADEA claim is **DISMISSED without prejudice**.

**SO ORDERED**, this 29th day of September, 2020.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT